Of Counsel:
PAUL JOHNSON PARK & NILES
Attorneys at Law
A Law Corporation

PAMELA W. BUNN          6460-0
Suite 1300, American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1212
Facsimile:  (808) 528-1654
E-Mail: pbunn@pjpn.com

Attorneys for Nonparty
SENNET CAPITAL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BLUEEARTH BIOFUELS, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>HAWAIIAN ELECTRIC COMPANY,<br>INC.; MAUI ELECTRIC COMPANY,<br>LTD.; ALOHA PETRILEUM, LTD.;<br>and KARL E. STAHLKOPF,<br>Individually,<br><br>       Defendants. | Case No. 09-MC-00282 DAE-KSC<br><br>NONPARTY **SENNET CAPITAL,<br>LLC'S MEMORANDUM IN<br>OPPOSITION** TO BLUEEARTH<br>BIOFUELS, LLC'S MOTION TO<br>COMPEL PRODUCTION OF<br>DOCUMENTS FROM SENNET<br>CAPITAL, LLC; CERTIFICATE OF<br>SERVICE<br><br><u>HEARING</u><br><br>DATE:   December 8, 2009<br>TIME:    11:00 a.m.<br>JUDGE:  Hon. Kevin S.C. Chang |

**NONPARTY SENNET CAPITAL, LLC'S MEMORANDUM
IN OPPOSITION TO BLUEEARTH BIOFUELS, LLC'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM SENNET CAPITAL, LLC**

Nonparty Sennet Capital, LLC ("Sennet"), by and through its

attorneys Paul Johnson Park & Niles, Attorneys at Law, a Law Corporation, hereby

submits this opposition to BlueEarth Biofuels, LLC's Motion to Compel

Production of Documents from Sennet Capital, LLC filed on November 9, 2009

("Motion to Compel").

I.    RELEVANT BACKGROUND[1]

Sennet is a merchant bank with a principal focus of providing project

financing for renewable energy companies and projects.  In 2008, Sennet had

discussions with BlueEarth Biofuels, LLC ("BlueEarth") regarding Sennet's

potential assistance in the financing of a project, in which Hawaiian Electric

Company, Inc. ("HECO"), Maui Electric Company, Ltd. ("MECO"), and Aloha

Petroleum, Ltd. ("Aloha") were also involved, to construct a biodiesel production

facility on Maui consisting of a refinery and a storage/logistics terminal

("BlueEarth Project").  Nothing came of those discussions and Sennet was never

engaged for the BlueEarth Project.

---

[1] Unless otherwise indicated, the facts set forth herein are supported by the
Declaration of Larry Gilbert dated November 20, 2009.

Sennet's principal business is financing renewable energy projects in Hawai`i.  At any given time, Sennet has from a dozen to over two dozen renewable energy projects in various stages of evaluation, financing, closing or development.  HECO and/or its subsidiaries, including MECO, are involved in some way in most of the renewable energy projects which Sennet works on.

In August 2009, Sennet was served with a subpoena duces tecum requesting it to produce eight categories of documents related to the BlueEarth Project, as well as two categories of documents regarding "any renewable energy" contract, negotiation, or proposal to which HECO, MECO, or Aloha is or was a party.[2]  Motion to Compel, p. 3 and Exhibit 1.  Sennet produced the documents in its possession, custody or control that related to the BlueEarth Project and, by letter dated September 4, 2009, objected to producing documents responsive to Request Nos. 4 and 10, which are unrelated to the BlueEarth Project.  Exhibit 3 to Motion to Compel.  Six weeks later, BlueEarth responded that, because the documents responsive to Request Nos. 4 and 10 are "related to renewable energy projects involving any of the parties to this lawsuit," they "are directly relevant to the issues in the suit."  Exhibit 5 to Motion to Compel.  BlueEarth offered to narrow Request Nos. 4 and 10 to cover only "renewable energy projects involving biofuels or biomass," *id.*, but has never explained why such documents are relevant to the

---

[2] As Sennet understands Request No. 4, it appears that any document responsive to that request would necessarily be responsive to Request No. 10.

issues in this lawsuit or why BlueEarth should be entitled to burden a nonparty

rather than requesting the documents from a party.

## II.   ARGUMENT

As if repetition could make it so, BlueEarth contends that information

regarding *any* biofuel or biomass project involving HECO, MECO, or Aloha is

"both relevant and necessary to BlueEarth's claims against Defendants," "directly

relevant to the issues in this suit," and "vitally important to this lawsuit."  Motion

to Compel at 3, 6, 7.  *Ipse dixit* pronouncements, however, do not establish

relevance.  The documents BlueEarth seeks from Sennet are unrelated in any way

to the failure of plans to construct a biodiesel production facility on Maui which is

the subject matter of this action.

Narrowing the scope of Request Nos. 4 and 10 to include "only"

documents related to biofuels/biomass projects in Hawaii rather than all renewable

energy projects does not cure the gross overbreadth.  Biomass that can be used to

produce biofuels can be anything from microscopic algae to trees.  The

intermediate components of the biomass can be oil, fiber, sugar or starch, and the

conversion of these components into biofuels can be accomplished by processes

including fermentation, gasification, transesterification, and pyrolysis.  The end

products can be ethanol, biodiesel, or other products, all of which, generically, are

biofuels.  In addition, biofuels are often used to produce electricity for sale to local utilities, such as HECO or MECO.

BlueEarth makes much of Mr. Stahlkopf's testimony that Sennet works on renewable energy projects, including biofuels projects, in Hawai`i, and claims that it is entitled to Sennet's documents related to any biofuels project based on pure speculation that Mr. Stahlkopf "may" have brought BlueEarth's alleged confidential, proprietary information with him when he left HECO and joined Sennet in July 2009.  Motion to Compel, p. 6.  Aside from the fact that nothing supports this conjecture, BlueEarth cannot even show that any specific proprietary information developed for the BlueEarth Project would be of any use in a biofuels project that uses a different biomass feedstock or conversion technology, or produces a different biofuel.  It would not.

For example, a production plant to grow algae and convert it to ethanol would be engineered entirely differently, and use completely different technology, than a biodiesel production plant that converts palm oil imported from other locations into biodiesel like the failed BlueEarth Project.  While both are alternative energy projects involving biomass and biofuel, proprietary information regarding one would have no applicability to the other.  Sennet has no documents related to any project similar to the BlueEarth Project, *i.e.,* that would use the same

biomass feedstock and conversion technology as the BlueEarth Project to produce the same biofuel.

Moreover, even assuming that documents regarding completely unrelated biofuel or biomass projects could somehow be deemed relevant to BlueEarth's claims arising from the failure of the BlueEarth Project, Request Nos. 4 and 10 seek documents regarding contracts, negotiations or proposals "with" HECO, MECO, or Aloha, or to which HECO, MECO or Aloha are "parties." BlueEarth should be required to request those documents from Defendants HECO, MECO, and Aloha before it burdens a nonparty and unnecessarily puts Sennet in the position of producing its clients' confidential information over their objections. As was the case in *Moon v. SCP Pool Corp.,* 232 F.R.D. 633 (C.D.Cal 2005), in which the court granted a motion to quash an overbroad subpoena,

> these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA. *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir.1980) (discovery restrictions may be even broader where target is nonparty); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty).

*Id.* at 638.  Accordingly, the court explained that, "[s]ince plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA to produce these documents is an

undue burden on nonparty KSA." *Id.* BlueEarth should likewise be required to seek the documents from the parties before burdening a nonparty.

III.   <u>CONCLUSION</u>

For the foregoing reasons, nonparty Sennet Capital, LLC respectfully requests that BlueEarth's Motion to Compel be denied.

DATED:  Honolulu, Hawai`i, November 20, 2009.


\_\_\_\_/s/ Pamela W. Bunn_____
PAMELA W. BUNN
Attorney for Nonparty
SENNET CAPITAL, LLC